NO. 07-09-00008-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 11, 2010

_____

IN RE R. WAYNE JOHNSON, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator R. Wayne Johnson seeks a writ of mandamus directed at respondent, the Honorable William B. Smith, Judge of the 84th District Court of Hutchinson County. Relator's petition asks that we direct Judge Smith to rescind an order prohibiting relator's civil suit from proceeding.[1] We will deny relator's petition.

To be entitled to mandamus relief in a circumstance like this, a relator must show that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re McAllen Medical Center Inc.,* 275 S.W.3d 458, 462 (Tex. 2008), *citing In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004).[2]

_____

[1] Relator's civil suit, which he says was filed against certain prison officials, was Cause No. 38,368 in the 84th Judicial District Court, Hutchinson County.

[2] The mandamus record must include every document that is material to the claim for relief and that was filed in the underlying proceeding. Tex. R. App. P. 52.7. Here, the record properly submitted by relator includes only the trial court clerk's notice

Relator has filed a number of petitions seeking writs of mandamus from this court in recent years. As we have noted in previous opinions addressing his petitions, relator has been declared a vexatious litigant under Chapter 11 of the Civil Practice and Remedies Code, and the district court of Bee County, Texas, issued an order requiring permission of a local administrative judge for suits filed by relator. *See* Tex. Civ. Prac. & Rem. Code Ann. §§11.101 et seq. (Vernon 2002); *In re R. Wayne Johnson,* No. 07-09-0035-CV, 2009 Tex. App. LEXIS 6831 (Tex.App.--Amarillo Aug. 27, 2009, orig. proceeding); *In re R. Wayne Johnson,* No. 07-07-0431-CV, 2009 Tex. App. LEXIS 5795 (Tex.App.--Amarillo 2009 July 27, 2009, orig. proceeding); *In re R. Wayne Johnson,* No. 07-07-0245-CV, 2008 Tex. App. LEXIS 5110 (Tex.App.--Amarillo 2008 July 9, 2008, orig. proceeding). The documents relator has filed with his current mandamus petition suggest relator's vexatious litigant status was the basis for Judge Smith's order.[3] Nothing in relator's petition indicates he obtained, or even requested, permission of the local administrative judge to file his civil suit.

In support of his mandamus petition, relator reiterates contentions he previously has made in this court, and we previously have rejected, and we see nothing to be

---

pursuant to Texas Rule of Civil Procedure 306a(3) of the court's order, and correspondence from the trial court clerk to relator indicating the clerk's inability to file his documents without permission of the administrative judge. To the extent feasible, we will address the merits of the claims relator makes in his petition despite the deficiencies in the mandamus record.

[3] Although we agree with relator's suggestion that Chapter 11 formed the basis for Judge Smith's order, we note that Chapter 14 of the Civil Practice and Remedies Code also has application to relator's civil suit because he is an inmate of the Texas Department of Criminal Justice and asserts his inability to pay costs. See Tex. Civ. Prac. & Rem. Code Ann. §14.002 (Vernon 2002) (setting out scope of chapter 14).

gained by extended discussion of them here. He contends his due process rights were violated because Judge Smith did not hold a hearing before entering the order. We addressed the same contention in *In re R. Wayne Johnson,* No. 07-09-0035-CV, 2009 Tex.App. LEXIS 6831(Tex.App.—Amarillo Aug. 27 2009, orig. proceeding) and we reject it again here. Relator also here continues to assert constitutional challenges to Chapter 11 that we previously have rejected, and do so again. *In re R. Wayne Johnson,* 07-07-0245-CV, 2008 Tex.App. LEXIS 5110 (Tex.App.—Amarillo July 9, 2008, orig. proceeding). *See also Johnson v. Sloan,* No. 08-09-00077-CV, 2010 Tex.App. LEXIS 2049 (Tex.App.—El Paso March 24, 2010, no pet.) (also rejecting a due process claim made by relator on the dismissal of his civil suit under Chapter 11). Finding relator has not demonstrated Judge Smith abused his discretion by the issuance of the order complained of, we deny the petition for writ of mandamus.


Per Curiam

3